# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **LEONARD ALLEN MORRISON, III** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Case No. 3:18-cv-00527 |
| ) | |
| **HAMPTON POLICE DEPARTMENT**, *et. al.* ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION TO STAY PROCEEDINGS

COME NOW defendants Hampton Police Department, Lieutenant Richard Gainer, and Sgt. Curtis Crouch[1] (Collectively "the Defendants"), by counsel, and for their Memorandum in Support of Their Motion to Stay Proceedings state as follows:

## STATEMENT OF THE CASE

The Plaintiff Leonard Allen Morrison, III ("Plaintiff" or "Mr. Morrison"), filed his Particularized Complaint ("Complaint"), naming three Hampton Police Division Officers, as well as the Division itself.[2] The claims he alleges in the Complaint arise out of a series of events which occurred on June 12, 2017, for which Mr. Morrison is currently facing 20 criminal charges in the Hampton Circuit Court, including two counts of attempted capital murder of a police officer in violation of Virginia Code § 18.2-31, one count of disarming a police officer in violation of Virginia Code § 18.2-57.02, nine counts of use of a firearm while committing a

---

[1] Improperly named as Sgt. David Crouch in the Particularized Complaint.

[2] The third officer, Officer Blake Trowbridge, is no longer with the Hampton Police Division and has not yet been served in this matter.

felony in violation of Virginia Code § 18.2-53.1, three counts of robbery in violation of Virginia Code § 18.2-58, one count of conspiracy to rob in violation of Virginia Code § 18.2-58, four counts of abduction in violation of Virginia Code § 18.2-48, and one count of possession of a firearm by a convicted felon in violation of Virginia Code § 18.2-308.2. Those twenty counts are currently scheduled to be heard by a jury on July 15-17, 2019.

## ARGUMENT

### I. The *Younger* Abstention Doctrine is Applicable to this Case.

Mr. Morrison asks this Court to rule on issues relating to use of force and seizure of property by police officers, claiming, in part, that any actions he took against the police officers were done in self-defense, thereby implying that force used by the police officers was unreasonable, and that property seized by the police in the course of their investigation into his alleged criminal offenses was not related to the crime. In this context, this action is subject to the *Younger* abstention doctrine, which requires a federal court to refrain from adjudicating the merits of federal constitutional claims in an underlying state criminal action. *Younger v. Harris,* 401 U.S. 37, 44 (1971). "[A]djudicating such claims needlessly injects federal courts into ongoing state criminal prosecutions, undermines the state's ability to enforce its laws, and does not show 'a proper respect for state functions.'" *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (quoting *Younger*, 401 U.S. at 44). In *Younger,* Justice Black stressed the notion of comity, "this is, a proper respect for state functions," and the "fundamental policy against federal interference with state criminal prosecutions." *Younger* at 44, 46.

A federal court should abstain "if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the

plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)).

These three factors exist here. First, Mr. Morrison's criminal prosecutions are an ongoing state judicial proceeding, instituted in 2017, well before this matter was filed. These matters are set for trial in Hampton Circuit Court on July 15-17, 2019. Second, the Commonwealth of Virginia has "a very important, substantial, and vital interest" in preventing and prosecuting violations of its own criminal laws without a criminal defendant needlessly seeking federal interjection. These interests are particularly important here where the criminal actions at issue involve violent felonies. This vital interest is safeguarded by Virginia's judicial system, which provides three levels of review of a criminal conviction, including up to the Supreme Court of Virginia.

Finally, Virginia's judicial system presents Mr. Morrison with more than an adequate opportunity to raise the arguments he is now raising, particularly that he acted in self-defense, and that property seized during the course of a criminal investigation should be returned to him. The Defendants recognize that because Mr. Morrison is claiming that he is entitled to monetary relief, complete abstention may not be appropriate based on the *Younger* doctrine at this point in the case. However, a stay is appropriate while the criminal action is still pending. *See Beam v Tatum,* 299 Fed. Appx. 243, 248 (4th Cir. 2008) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 731 (1996)). In *Traverson v. Penn,* 874 F.2d 209 (4th Cir. 1989), the issue was application of *Younter* to § 1983 claims for injunctive, declaratory and monetary relief. Because the federal action raised constitutional claims that could be adjudicated in the state's criminal

prosecution, "the appropriate course [was] to abstain by staying proceedings on monetary as well as injunctive and declaratory claims." *Id.* at 213.

## II. *Heck v. Humphrey* **may Ultimately Require that this Matter be Barred.**

Defendants also assert that a stay is appropriate in this matter, because, if Mr. Morrison is ultimately convicted of the crimes of which he has been accused, the principles of *Heck v. Humphrey* may apply. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, if a successful § 1983 action would *necessarily* imply that a plaintiff's conviction was unlawful, then a § 1983 action will not lie. For example, a successful suit for malicious prosecution, false imprisonment, or unreasonable seizure (if convicted of resisting arrest) would necessarily imply those convictions were unlawful. In this case, if Mr. Morrison is convicted, this suit may necessarily imply that those convictions are unlawful. For example, if he is convicted of attempted capital murder of a police officer, his claims of unreasonable force by the officers in this matter would necessarily imply that conviction was unlawful. *See e.g. Masterson v. Grant,* 1:10cv445, *9 (E.D. Va. 2011) (holding that Plaintiff's excessive force claims were barred by her guilty pleas to assault and battery and obstruction of a law enforcement officer in the performance of his duties).

## CONCLUSION

Wherefore, Defendants request this Court grant this Motion to stay these proceedings until such time as the related criminal matters are fully concluded in state court, and award the Defendants such other relief which it deems proper.

       **Respectfully submitted,**

       **HAMPTON POLICE DEPARTMENT**
       **LIEUTENANT RICHARD GAINER**
       **SERGEANT CURTIS CROUCH**

        /s/
       Brandi A. Law
       Virginia State Bar No. 76961
       Deputy City Attorney
       City Attorney's Office for Hampton, Virginia
       22 Lincoln Street
       Hampton, Virginia 23669
       Telephone: (757) 727-6174
       Facsimile:  (757) 727-6788
       Email:  brandi.law@hampton.gov
       *Counsel for the Defendants Hampton Police Division, Lieutenant Richard Gainer and Sergeant Curtis Crouch.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2019, I will electronically file the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS, with the Clerk of Court using the CM/EFC system.

I further certify that I will mail the document and a copy of the notification of such filing (NEF) by U.S. Mail to the following, it appears, non-filing user:

Leonard Allen Morrison, III, #0041931
Hampton Roads Regional Jail
2690 Elmhurst Lane
Portsmouth, Virginia 23701

        /s/
Brandi A. Law
Virginia State Bar No. 76961
Deputy City Attorney
City Attorney's Office for Hampton, Virginia
22 Lincoln Street
Hampton, Virginia 23669
Telephone: (757) 727-6174
Facsimile: (757) 727-6788
Email: brandi.law@hampton.gov
*Counsel for the Defendants Hampton Police Division, Lieutenant Richard Gainer and Sergeant Curtis Crouch.*