IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LEONARD ALLEN MORRISON, III,

    Plaintiff,

v.                                          Civil Action No. 3:18CV527

HAMPTON POLICE DEPARTMENT, et al.,

    Defendants.

**MEMORANDUM OPINION**

Leonard Allen Morrison, III, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. The matter is before the Court on Morrison's failure to serve Defendant Blake Ryan Trowbridge in a timely manner.

Under Federal Rule of Civil Procedure 4(m), Morrison had 90 days to serve Defendant Trowbridge.[1] Here, that period commenced on May 9, 2019. (ECF No. 17.) On June 10, 2019, the Marshal returned the summons for Defendant Trowbridge unexecuted because

---

[1] Rule 4(m) provides, in pertinent part:

    If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Trowbridge was no longer employed by the City of Hampton Police Department. (ECF No. 21, at 2.) Thereafter, Morrison made no effort to provide the Court with a current address for Defendant Trowbridge. Accordingly, by Memorandum Order entered on October 10, 2019, the Court directed Morrison to show good cause within eleven days of the date of entry thereof why all claims against Defendant Trowbridge should not be dismissed without prejudice. Morrison responded, in pertinent part, that "[i]t is not any fault of the plaintiff that Officer Trowbridge cannot be located" and the other defendants should be able to locate him. (ECF 36, at 1.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See McCollum v. GENCO Infrastructure Sols., No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant,

T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Trowbridge, not the Court, nor the United States Marshal's service, is responsible for providing the appropriate addresses for serving a defendant. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding in forma pauperis retain responsibility for providing address at which service can be effectuated); see also Geter v. Horning Bros. Mgmt., 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that in forma pauperis status conveys right to have court effect service only to extent plaintiff provides a valid address). Morrison has failed

3

to identify any effort at all on his part to find an address for Defendant Trowbridge. Thus, Morrison fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant." Venable, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendant Trowbridge will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Morrison and counsel for Moore.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 5, 2020
Richmond, Virginia