
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONARD ALLEN MORRISON, III,

    Plaintiff,

v.                              Civil Action No. 3:18CV527

HAMPTON POLICE DEPARTMENT, et al.,

    Defendants.

**MEMORANDUM OPINION**

Leonard Allen Morrison, III, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. Morrison claims that the officers involved in his arrest used excessive force and committed several other constitutional violations. Morrison names as defendants Lieutenant Richard Gainer and Sergeant Curtis Crouch[1] of the Hampton Police Department ("Defendants").[2] The matter is before the Court on: DEFENDANTS' MOTION TO STAY (ECF No. 25); DEFENDANTS' MOTION TO DISMISS PARTICULARIZED COMPLAINT (ECF No. 27); Defendants' SECOND MOTION TO DISMISS PARTICULARIZED

---

[1] Morrison incorrectly identified Crouch's first name as David in the Particularized Complaint.

[2] By Memorandum Opinion and Order entered on March 6, 2020, the Court dismissed Morrison's claims against Blake Ryan Trowbridge for failure to effect timely service of process. (ECF Nos. 42, 43.) Additionally, the Clerk listed the Hampton Police Department as a defendant. Further review of the Particularized Complaint reflects that Morrison did not name that entity as a defendant. (See ECF No. 15, at 1) Accordingly, the Hampton Police Department is DISMISSED as a party to this action.

COMPLAINT (ECF No. 37); and, Morrison's Amended Particularized Complaint ("Second Particularized Complaint," ECF No. 40.).

## I. PROCEDURAL HISTORY

### A. The Particularized Complaint

The matter is currently proceeding on Morrison's Particularized Complaint (ECF No. 15). In the Particularized Complaint, Morrison states that, on June 12, 2017, Lieutenant Gainer attempted to apprehend Morrison in connection with an "active alleged robbery." (Id. at 1.)[3] Morrison contends that Lieutenant Gainer used excessive force and that "in self-defense," Morrison resisted. (Id. at 1-2.) Morrison gained control of Lieutenant Gainer's weapon and attempted to flee and was shot multiple times by Officer Trowbridge. (Id. at 2.) Morrison was left paralyzed from the waist down. (Id. at 3.)

Thereafter, Detective Crouch arrived on the scene and confiscated Morrison's personal effects, including his car, cash, "phones, watches, etc." (Id. at 3.) Morrison's family has reached out to Detective Crouch "in order to recover my car along with monies and other property," but his family has not received a satisfactory response. (Id.)

Morrison raises the following grounds for relief:

---

[3] The Court corrects the capitalization and punctuation in the quotations from Morrison's submissions.

2

Claim One      Lieutenant Gainer violated Morrison's Eighth
               Amendment rights when he used excessive force
               against Morrison by attempting to choke Morrison
               and using his firearm to strike Morrison in the
               head and neck.  (Id.)

Claim Two      Officer Trowbridge violated Morrison's Fifth,
               Fourteenth, and Eighth Amendment rights by using
               excessive force when "he shot [Morrison] in the
               back twice when no imminent danger was posed to his
               personal safety" and he failed to give Morrison the
               option to surrender.  (Id. at 3-4.)

Claim Three    Detective Crouch violated Morrison's Fifth and
               Fourteenth Amendment rights by seizing his personal
               property.  (Id. at 4.)

### B. Defendants' Motions And Morrison's Second Particularized Complaint

#### 1. Defendants' Motion To Stay And First Motion To Dismiss

On June 27, 2019, Defendants moved to stay the action pending the resolution of Morrison's state criminal charges. The Defendants reasoned that the claims in the present action arise out of a series of events occurring on June 12, 2017 for which Morrison was then facing 20 criminal charges in the Circuit Court for the City of Hampton ("Circuit Court"). (DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS at 1, ECF No. 26.) The charges included two counts of attempted capital murder of a police officer, one count of disarming a police officer, nine counts of use of a firearm while committing a felony, three counts of robbery, one count of conspiracy to commit robbery, four counts of abduction, and one count of possession of a firearm by a convicted felon. (Id. at 1-2.) Defendants note that Morrison was

3

scheduled to be tried on these charges on July 15 through July 17, 2019. (Id. at 2.) Pursuant to Younger v. Harris, 401 U.S. 37 (1971), Defendants ask the Court "to stay these proceedings until such time as the related criminal matters are fully concluded in state court . . . ." (Id. at 4.)

On June 27, 2019, Defendants also filed DEFENDANTS' MOTION TO DISMISS PARTICULARIZED COMPLAINT. (ECF No. 27.) In that motion, Defendants seek dismissal of the Particularized Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of that motion, Lieutenant Gainer argues that Morrison has not pled a viable excessive force claim under the Eighth Amendment because Morrison's claim of excessive force during the course of an arrest are not governed by the Eighth Amendment. (See ECF No. 28, at 6.) Additionally, Sergeant Crouch contends that Morrison's due process claims fail because Section 19.2-60 of the Virginia Code "provide[s] an adequate remedy for return of seized property, which defeats any due process claim." (Id. at 5.) Sergeant Crouch, however, fails to cite the Court to any authority that supports the proposition on that contention.

Thereafter, Morrison responded to the DEFENDANTS' MOTION TO DISMISS PARTICULARIZED COMPLAINT (ECF No. 27) and filed a Motion for leave to file an Amended Complaint. (ECF No. 29.) By Memorandum Order entered on October 10, 2019, the Court denied Morrison's Motion to for leaved to file an Amended Complaint

4

because he failed to attach a copy of the proposed amended complaint to his Motion for leave to file an Amended Complaint (ECF No. 29). (Memorandum Order, ECF No. 35.)

### 2. Defendants' Second Motion To Dismiss And Morrison's Second Particularized Complaint

On December 18, 2019, Defendants filed DEFENDANTS' SECOND MOTION TO DISMISS PARTICULARIZED COMPLAINT. (ECF No. 37.) Therein, the Defendants point out that Morrison has been convicted in the Circuit Court of two counts of attempted capital murder of a police officer, one count of disarming a police officer, eight counts of use of a firearm while committing a felony, three counts of robbery, one count of conspiracy to rob, three counts of abduction, and one count of possession of a firearm by a convicted felon. (ECF No. 38, at 4.) The Defendants further assert that none of Morrison's convictions have been reversed on appeal. (Id.) The Defendants then ask the Court to dismiss Claims One and Two for lack of jurisdiction pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (Id. at 4-8.)

On February 3, 2020, Morrison filed his Second Particularized Complaint. In the Second Particularized Complaint, Morrison provides greater factual detail about his claims. Additionally, Morrison now properly identifies the Fourth Amendment as governing his claims about excessive force during the course of an arrest.

5

## II. RESOLUTION OF THE OUTSTANDING MATTERS

Defendants initially sought to stay the action until Morrison's criminal proceedings were concluded. In their Second Motion to Dismiss, Defendants indicated those criminal proceedings now have concluded. Accordingly, the Defendants' Motion to Stay (ECF No. 25) will be denied as moot.

In their First Motion to Dismiss, Defendants sought, <u>inter alia</u>, the dismissal of Morrison's excessive force claims on the grounds that Morrison had failed to bring his claims under the correct constitutional amendment. Morrison now has submitted a Second Particularized Complaint that appears to correct that deficiency. Given the lenient standard for amending a complaint and the lack of any evident prejudice, <u>see</u> <u>Laber v. Harvey</u>, 438 F.3d 404, 426-27 (4th Cir. 2006), Morrison's Second Particularized Complaint (ECF No. 40) will be filed (and the Clerk will be directed to do this) and the Second Particularized Complaint will supplant the Complaint and the First Particularized Complaint. Morrison is cautioned that he may not file any other complaint in this action without first obtaining leave of court to do so.

Because DEFENDANTS' MOTION TO DISMISS PARTICULARIZED COMPLAINT (ECF No. 27) and DEFENDANTS' SECOND MOTION TO DISMISS PARTICULARIZED COMPLAINT (ECF No. 37) are directed to the First Particularized Complaint, they will be denied without prejudice as moot. Defendants may file any further motion to dismiss within

6

twenty (20) days of the date of entry hereof. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

The Court notes that in DEFENDANTS' SECOND MOTION TO DISMISS PARTICULARIZED COMPLAINT (ECF No. 37), Defendants contend that the Court lacks jurisdiction over many of Morrison's claims because they are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that the plaintiff's earlier conviction was invalid. Id. at 486-87. The United States Court of Appeals for the Fourth Circuit has emphasized that "[t]he Heck analysis requires a close factual examination of the underlying conviction." Riddick v. Lott, 202 F. App'x 615, 616 (4th Cir. 2006) (citations omitted). Where, as here, the plaintiff's claims involve claims of excessive force during the course of an arrest and the plaintiff also was convicted of charges of threatening, resisting or assaulting a police officer, resolution of the Heck inquiry often demands an examination of the trial record. See id. at 617 (alteration and omission in original) (observing that "Heck does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a 'state court's finding that [a plaintiff] resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue

[the plaintiff]" (quoting Martinez v. City of Albuquerque, 184 F.3d 1123, 1127 (10th Cir. 1999))). Accordingly, should Defendants choose to renew their Heck challenges they must ensure that the proper supporting documents are attached in support thereof and the proper legal analysis is made. To the extent that Defendants renew their Heck challenges by means of a motion to dismiss, they also must explain, with citation to controlling authority why the Court can consider the documents in a motion to dismiss. See Fed. R. Civ. P. 12(d).

The Clerk is directed to send a copy of the Memorandum Opinion to Morrison and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 19, 2020
Richmond, Virginia

8